UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| IN RE: | * | Case No. 22-10461-BAH |
| | * | Chapter 13 |
| Michael A. Guglielmo | * | Adv. 23-01001-BAH |
| Debtor | * | |
| | * | |
| | | |
| Christina Snarski | * | |
| | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | |
| | * | |
| Michael A. Guglielmo | * | |
| | * | |
| Defendant | * | |

**DEBTOR'S ANSWER TO COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 USC SECTION 523(a)(4)**

NOW COMES Michael Guglielmo, And hereby files this answer to the Complaint to Determine Dischargeability of Debt Pursuant to 11 USC Section 523 (a)(4) (hereafter referred to as the "Complaint") filed by Ms. Snarski. In support of this answer, the Debtor states as follows:

**Background**

1. Ms. Snarski is the former romantic partner of the Debtor.

2. The parties had a relationship for a number of years which ended prior to April of 2011.

3. During their relationship, the parties purchased real estate together, one of which was 132 Park Street in Northfield, New Hampshire (sometimes referred to as the "**Northfield property**"). The other one was the property located at 140 Rumford Street in

Concord, New Hampshire, purchased on or about January 25, 2005 (sometimes referred to as the "Concord" property).

4. The Concord property was purchased before the Northfield property.

5. The note for the Concord property was in the Debtor's name.

6. Because the Debtor owned property located at that point in Belmont, New Hampshire, he could not qualify for a mortgage on the real estate to be purchased at 132 Park Street in Northfield, New Hampshire.

7. The parties thereafter, as a couple, decided that the mortgage would be in Ms. Snarski's name for the Northfield property.

8. On or about January 12, 2007, the parties purchased the Northfield property conditioned on the contract that Ms. Snarski acknowledged that the Debtor paid $34,000.00 for the property and she paid nothing. It was the intent of the parties that the property would be the Debtor's property and Ms. Snarski was signing the documents so that it could happen.

9. On January 12, 2007 both the Debtor and Ms. Snarski signed the mortgage in the amount of $300,000.00.

10. The Debtor paid the down payment of $34,000.00 to purchase the Northfield property.

11. On or about March 21, 2009, Ms. Snarski and the Debtor agreed in writing to allow Anna Hantschar of 7 Farm Poind Lane in Franklin, New Hampshire and interest in the Northfield property.

12. The parties had one child together, namely Giovannni. Their son passed away after Ms. Snarski removed the child from hospital care.

13. The parties ended their relationship prior to April of 2011.

14. On or about July 9, 2013, the parties signed a quitclaim deed conveying a one third interest in the Northfield property to Ms. Hantschar.

15. At that time Ms. Snarski remained at the Concord property which at that point consisted of three units, she lived in one of them and the other two were rented. She denied the Debtor access to the property. During certain communications with him, she illegally taped the Debtor without his knowledge and consent.

16. Ms. Snarski collected the rents for the Concord property and the Debtor without any accounting to the Debtor for a period of time.

17. In about July of 2013, the Debtor asked for information relative to the finances being administered by Ms. Snarski. Ms. Snarski was not paying the bills and threatened to let the Northfield property go to foreclosure.

18. Ms. Snarski threatened the Debtor with financial ruin if he did not do what she wanted in terms of payment on certain of her debts.

19. Ultimately the Debtor hired Attorney Nicholas Wright on or about March 26, 2015 to assist in in seeking to obtain an accounting as the receives and payables for the Concord property rent and expenses. He also sought to address considerable withdrawals that Ms. Snarski had made from their joint bank account.

20. In about March 26, 2015, Attorney Wright also communicated with Ms. Snarski's then counsel relative to her refusal to allow the Debtor access to the mortgage account for the Northfield property which had the effect of impeding the Debtor's ability to make timely payments for the mortgage on that property.

21. Attorney Wright had been seeking a peaceful resolution of the parties' financial entanglements to that they could each move on with their lives.

22. Clearly that did not occur.

23. On June 28, 2018, Ms. Snarski signed her interest in the Concord property over to the Debtor by Quitclaim Deed.

24. In approximately October of 2018, Ms. Snarski wrote to the mortgage lender for the Northfield property stating:

"I signed for this property for investment purposes only for Michael Guglielmo whom is on the deed of the property. Michael already had a property in his name so he could not get the property on his own. …..We were not married and I never put any of my personal money into this property. The property was paying for itself until the taxes, hazard insurance and tenants went up or they just don't pay so a lot of revenue has been lost due to evictions and court proceedings. Tenants not paying their rent has made it very difficult to make the mortgage payments…My agreement with Michael Guglielmo back on January of 2007 was that I wanted no responsibility to the property and he agreed that it is his and he would pay the mortgage and do the upkeep. Michael I know has been paying the mortgage and had an agreement for modification bit apparently the checking account that the mortgage was being withdrawn from the bank changed the routing number. ..I am asking you to continued with the agreed upon modification and Seterus will do electronic withdrawals on the dates of your choosing. If you don't take the payments then you will have to foreclose on the property. This situation I see as a loss, you will not get your money for the property because I will file for bankruptcy seeking the mortgage is in my name and would like to refinance the property in his name but Seterus not allowing these transactions to move forward."

25. Seterus wrote back to Ms. Snarski on or about November 28, 2018 stating that an incorrect routing number was provided and that the mortgage lender would not work with her and would be referring the mortgage to foreclosure.

26. The Debtor worked to resolve the foreclosure at that time.

27. The parties were then unable to resolve their differences and litigation ensued in the Merrimack County Superior Court after Ms. Snarksi refused to cooperate in obtaining a loan modification for the 132 Park Street in Northfield property during the COVID-19 pandemic. That case is a breach of contract case commenced by the Debtor on or about July 30, 2020 (Case No. 217-2020-CV-00367).

28. Ms. Snarski appeared for herself in the Merrimack County Superior Court case and filed an Answer and Counterclaim on or about September 21, 2020 seeking a trial by jury.

29. The Merrimack County Superior Court case is being held in abeyance given the Debtor's bankruptcy filing.

30. On August 12, 2022, a presentative of Korde and Associated mailed the Debtor a notice of foreclosure scheduled to occur on September 26, 2022 on the Northfield property.

31. On or about September 21, 2022, the Debtor filed for Chapter 13 bankruptcy protection seeking to stop the foreclosure sale on the Northfield prfoeprty.

32. On or about January 27, 2023, Ms. Snarski filed the instant adversary complaint for which the Debtor seeks to respond herein.

### The Response

33. The Debtor admits the allegations set forth in Paragraph 1 of the Complaint but would indicate that this Court should abstain from ruling in this matter and allow the pending case brought by the Debtor against Ms. Snarski to proceed in the Merrimack County Superior Court, Case No. 217-2020-CV-000367.

34. The Debtor denies the allegations set forth in Paragraph 2 of the Complaint but would again state that this Court should abstain from ruling in this matter and allow the pending case brought by the Debtor against Ms. Snarski to proceed in the Merrimack County Superior Court, Case No. 217-2020-CV-000367.

35. The Debtor neither admits or denies the allegations set in Paragraph 3 of the Complaint and would state that the subject matter is not appropriate to be raised as an objection to discharge claim.

36. The Debtor admits the allegations that the Complaint seeks to have the Court determine the dischargeability of the debt pursuant to 11 USC Section 523 (a)(4). in Paragraph 4 of the Complaint. However he maintains that Ms. Snarki's action is inappropriate.

37. The Debtor does not agree that this Court should be making final orders and judgments in this matter and believes the matter should continue in the Merrimack County Superior Court in the action he already filed against Ms. Snarski in that forum.

38. Relative to the allegations set forth in Paragraph 6 of the Complaint, the Debtor reasserts his responses in Paragraphs 33-37 above.

39. Relative to the allegations set forth in Paragraph 7 of the Complaint, the Debtor neither admits or denies the allegations of the same which pertain to Ms. Snarki's present address. He does admit it is the address which she has provided to him as her address.

40. The Debtor admits the allegations set forth in Paragraph 8 of the Complaint.

41. Relative to the allegations set forth in Paragraph 9 of the Complaint, the Debtor reasserts his responses in Paragraphs 33-40 above.

42. The Debtor admits the allegations set forth in Paragraph 10 of the Complaint that the parties both were on the deed to the property and would state that the Deed is silent as to how they would hold title. By way of further answer, he would incorporate his statement as of the background d of the parties, paragraphs 8 and 24 above

43. The Debtor admits the allegations set forth in Paragraph 11 of the Complaint.

44. The Debtor admits the allegations set forth in Paragraph 12 of the Complaint and would further reincorporate Paragraph 10 and 24 above. The downpayment for the property came from the Debtor.

45. The Debtor admits the allegations set forth in Paragraph 13 of the Complaint.

46. The Debtor admits the allegations set forth in Paragraph 14 of the Complaint.

47. The Debtor admits the allegations set forth in Paragraph 15 of the Complaint.

48. The Debtor admits the allegations set forth in Paragraph 16 of the Complaint.

49. Relative to the allegations set forth in Paragraph 17 of the Complaint, the Debtor denies that the property has consistently generated rental income of $3,400.00 per month since 2009 and does admit that would be the rent when it is fully rented. He would reference his paragraph 24 above.

50. The Debtor admits the allegations set forth in Paragraph 18 of the Complaint.

51. The Debtor admits the allegations set forth in Paragraph 19 of the Complaint.

52. The Debtor admits the allegations set forth in Paragraph 20 of the Complaint and by way of further answer would state that Ms. Snarski and him utilized the funds towards debt obligations at that point s well as their living expenses.

53. The Debtor admits the allegations set forth in Paragraph 21 of the Complaint.

54. The Debtor admits the allegations set forth in Paragraph 22 of the Complaint.

55. The Debtor admits that the 2009 Agreement states as represented that the mortgage per month was $2822.19 including taxes; the interest rate was 8.2% and the balance due is $294,978.08, "$167,000.00 of the balance is for the Park Street property".

56. Relative to the allegations set forth in Paragraph 24 of the Complaint, the Debtor states that the agreement states that the Park Street account can be accessed by the parties "online" and denies the balance of the paragraph.

57. The Debtor admits the allegations set forth in Paragraph 25 of the Complaint.

58. The Debtor admits the allegations set forth in Paragraph 26 of the Complaint.

59. Relative to the allegations set forth in Paragraph 27 of the Complaint the Debtor admits that his working relationship with Ms. Snarski ended about that time and would refer to the above in that he needed to then hire counsel as she was removing substantial funds from the parties' joint accounts and exercising control over the Concord property rents. She had also denied him information relative to the mortgage on the Northfield property.

60. Relative to the allegations set forth in Paragraph 28 of the Complaint, the Debtor asserts that while Ms. Snarski's job was to collect the rents for the Northfield property she failed to do so, most of the tenants did not even know who she was.

61. The Debtor admits the allegations set forth in Paragraph 29 of the Complaint.

62. The Debtor admits the allegations set forth in Paragraph 30 of the Complaint.

63. The Debtor admits the allegations set forth in Paragraph 31 of the Complaint.

64 Relative to the allegations set forth in Paragraph 32, the Debtor cannot admit or deny the beliefs of Ms. Snarski.

65. The Debtor admits the allegations set forth in Paragraph 33 of the Complaint.

66. Relative to the allegations set forth in Paragraph 34 of the Complaint, the Debtor reasserts his responses in Paragraphs 1-65 above.

67. Relative to the allegations set forth in Paragraph 35, the Debtor recalls the parties being offered the option by the mortgage company to obtain a 90 day forbearance of the loan due to COVID-19 and neither admits or denies the balance of the paragraph.

68. Relative to the allegations set forth in Paragraph 36, the Debtor recalls the property being rented but believes not all tenants were paying rent.

69. Relative to the allegations set forth in Paragraph 37, the Debtor does not presently recall the exact of rent that he received during the 90 day initial forbearance obtained by the lender.

70. The Debtor generally admits the allegations set forth in Paragraph 38 of the Complaint. He does not recall the date that conversation occurred.

71. Relative to the allegations set forth in Paragraph 39, the Debtor recalls generally that the 4th tenant did ultimately pay the rent due.

72. Relative to the allegations set forth in Paragraph 40 of the Complaint, the Debtor recalls Ms. Snarski did not desire to have the COVID forbearance and he immediately commenced suit against her in the Merrimack County Superior Court as indicted above and sought direction from the Court.

73. The Debtor denies the allegations set forth in Paragraph 41 of the Complaint.

74. Relative to the allegations set forth in Paragraph 42, the Debtor does believe from his communications with Ms. Snarski that Mr. Cooper is the servicer of the Northfield property loan.

75. Relative to the allegations set forth in Paragraph 43 of the Complaint, the Debtor has insufficient information to admit or deny the information contained in that paragraph. He has no more access to the loan.

76. Relative to the allegations set forth in Paragraph 44 of the Complaint, the Debtor has insufficient information to admit or deny the information contained in that paragraph. He has no more access to the loan.

77. Relative to the allegations set forth in Paragraph 45 of the Complaint, the Debtor has insufficient information to admit or deny the information contained in that paragraph. He has no more access to the loan.

78. Relative to the allegations set forth in Paragraph 46 of the Complaint, the Debtor has insufficient information to admit or deny the information contained in that paragraph. He has no more access to the loan.

79. Relative to the allegations set forth in Paragraph 47 of the Complaint, the Debtor has insufficient information to admit or deny the information contained in that paragraph.

80. Relative to the allegations set forth in Paragraph 48 of the Complaint, the Debtor has insufficient information to admit or deny the information contained in that paragraph. He will amend his answer once he has confirmed the amounts.

81. Relative to the allegations set forth in Paragraph 49 of the Complaint, the Debtor believes the representations made in his bankruptcy petition speaks for itself for the rental income he received relative to both of his properties.

82. Relative to the allegations set forth in Paragraph 50 of the Complaint, the Debtor believes the representations made in his bankruptcy petition speaks for itself.

83. Relative to the allegations set forth in Paragraph 51 of the Complaint, the Debtor believes the representations made in his bankruptcy petition speaks for itself.

84. Relative to the allegations set forth in Paragraph 52 of the Complaint, the Debtor believes the representations made in his bankruptcy petition speaks for itself.

85. Relative to the allegations set forth in Paragraph 53 of the Complaint, the Debtor believes the representations made in his bankruptcy petition speaks for itself.

86. Relative to the allegations set forth in Paragraph 54 of the Complaint, the Debtor believes the representations made in his bankruptcy petition speaks for itself.

87. Relative to the allegations set forth in Paragraph 55 of the Complaint, the Debtor believes the representations made in his bankruptcy petition speaks for itself.

88. Relative to the allegations set forth in Paragraph 56 of the Complaint, the Debtor believes the representations made in his bankruptcy petition speaks for itself.

89. Relative to the allegations set forth in Paragraph 57 of the Complaint, the Debtor believes the Proof of Claim speaks for itself.

90. Relative to the allegations set forth in Paragraph 58 of the Complaint, the Debtor believes the representations made in his bankruptcy petition speaks for itself. He would further point out that his second mortgage on the Concord property is to be paid through the plan.

91. Relative to the allegations set forth in Paragraph 59 of the Complaint, the Debtor believes the Proof of Claim speaks for itself.

92. Relative to the allegations set forth in Paragraph 60 of the Complaint, the Debtor believes the representations made in his bankruptcy petition speaks for itself.

93. Relative to the allegations set forth in Paragraph 61 of the Complaint, the Debtor has insufficient information to admit or deny the information contained in that paragraph. He has no more access to the loan.

94. Relative to the allegations set forth in Paragraph 62 of the Complaint, the Debtor believes the representations made in his bankruptcy petition speaks for itself.

95. Relative to the allegations set forth in Paragraph 63 of the Complaint, the Debtor believes the representations made in his bankruptcy petition speaks for itself.

96. Relative to the allegations set forth in Paragraph 64 of the Complaint, the Debtor believes the representations made in his bankruptcy petition speaks for itself.

97. Relative to the allegations set forth in Paragraph 65 of the Complaint, the Debtor believes the representations made in his bankruptcy petition speaks for itself.

98. The Debtor denies the allegations set forth in Paragraph 66 of the Complaint as the second mortgage is outstanding.

99. Relative to the allegations set forth in Paragraph 67 of the Complaint, the Debtor believes the representations made in his bankruptcy petition speaks for itself.

100. Relative to the allegations set forth in Paragraph 68 of the Complaint, the Debtor believes the original plan speaks for itself. It has since been amended.

101. Relative to the allegations set forth in Paragraph 69 of the Complaint, the Debtor believes the representations made in his amended bankruptcy petition speaks for itself.

102. Relative to the allegations set forth in Paragraph 70 of the Complaint, the Debtor believes the representations made in his amended bankruptcy petition speaks for itself.

103. Relative to the allegations set forth in Paragraph 71 of the Complaint, the Debtor believes the representations made in his amended bankruptcy petition speaks for itself.

104. Relative to the allegations set forth in Paragraph 72 of the Complaint, the Debtor believes the amended plan speaks for itself and would assert that he believes Ms. Snarski is referring to the year as being 2023.

105. The Debtor admits the allegations set forth in Paragraph 73 of the Complaint and by way of further answers indicates that he believes the parties are no in agreement to sell the Northfield property which will require an additional plan modification.

106. Relative to the allegations set forth in Paragraph 74, the Debtor has insufficient information to admit or deny the same.

107. Relative to the allegations set forth in Paragraph 75, the Debtor has insufficient information to admit or deny the same.

108. Relative to the allegations set forth in Paragraph 76, the Debtor repeats and incorporated paragraphs 1 through 107 above.

109. Relative to the allegations set forth in Paragraph 77 of the Complaint, the Debtor believes the bankruptcy code section speaks for itself. By way of further answer, the Debtor denies any wrongdoing under that code section.

110. Relative to the allegations set forth in Paragraph 78 of the Complaint, the Debtor believes the bankruptcy code section speaks for itself. By way of further answer, the Debtor denies any wrongdoing under that code section.

111. Relative to the allegations set forth in Paragraph 79 of the Complaint, the Debtor believes the bankruptcy code section speaks for itself. By way of further answer, the Debtor denies any wrongdoing under that code section. He would further assert he was not acting in a fiduciary capacity, the Debtor is a co-owner of the property.

112. Relative to the allegations set forth in Paragraph 80, the Debtor has insufficient information to admit or deny the same. By way of further answer the Debtor indicates he did not embezzle any money. The Debtor is co-owner of the property.

113. Relative to the allegations set forth in Paragraph 81 of the Complaint, the Debtor believes the cited case speaks for itself. By way of further answer, the Debtor denies any wrongdoing and denies he committed any embezzlement.

114. Relative to the allegations set forth in Paragraph 82 of the Complaint, the Debtor believes the cited case speaks for itself. By way of further answer, the Debtor denies any wrongdoing and denies he committed any embezzlement. The Debtor is the lawful owner of the subject real estate.

115. Relative to the allegations set forth in Paragraph 83 of the Complaint, the Debtor believes the cited case speaks for itself. By way of further answer, the Debtor denies any wrongdoing and denies he committed any embezzlement. The Debtor is the lawful owner of the subject real estate.

116. Relative to the allegations set forth in Paragraph 84 of the Complaint, the Debtor has insufficient information to admit or deny the entirety of the timeframe, but generally admits to receiving the rents from the Northfield property.

117. Relative to the allegations set forth in Paragraph 85 of the Complaint, the Debtor asserts that the rent was to be collected by Ms. Snarski who was to pay the rent and in exchange for the same, the Debtor was to pay off certain of her bills which he did. It was Ms. Snarski who did not follow the terms of the agreement. It was further Ms. Snarski who has denied him access to the loan information.

118. Relative to the allegations set forth in Paragraph 86 of the Complaint, the Debtor has insufficient information to admit or deny the same.

119. Relative to the allegations set forth in Paragraph 87 of the Complaint, the Debtor holds out hope that Ms. Snarski will work with him to save the property and allow him to take it over. He believes that she will now work with him to list the property for sale.

120. The Debtor admits the allegations set forth in paragraph 88 of the Complaint. By Ms. Snarski not cooperating with the Debtor and the other co-owner, he is damages and that is why he sued her in the Merrimack County Superior Court action.

121. Relative to the allegations set forth in Paragraph 89 of the Complaint, the Debtor has insufficient information to admit or deny the allegations of the same. Ms. Snarski who has denied him access to the loan information.

122. The Debtor neither admits or denies the allegations set forth in Paragraph 90 of the Complaint.

123. The Debtor admits the allegations set forth in Paragraph 91 of the Complaint, but would further assert that the Debtor has paid substantial funds towards the property and will be out those funds if the property goes to foreclosure. That is why he sued Ms. Snarski in the Merrimack County Superior Court action.

124. The Debtor denies the allegations set forth in Paragraph 92 of the Complaint.

125. Relative to the allegations set forth in Paragraph 93, the Debtor repeats and incorporated paragraphs 1 through 124 above.

126. The Debtor denies the allegations and objects to the relief requested set forth in Paragraph 94 of the Complaint.

127. The Debtor denies the allegations and objects to the relief requested set forth in Paragraph 95 of the Complaint.

128. The Debtor denies the allegations and objects to the relief requested set forth in Paragraph 96 of the Complaint.

129. The Debtor denies the allegations and objects to the relief requested set forth in Paragraph 97 of the Complaint.

WHEREFORE the Debtor prays that the Court:

A. DENY/DISMISS the Complaint;

B. ABSTAIN from ruling in this Complaint until the Merrimack County Superior Court action has concluded; AND

C. GRANT such other relief as is just and necessary.

_____
Michael Guglielmo

STATE OF NEW HAMPSHIRE
COUNTY OF MERRIMACK

Came before me this ) 25th day of April 2023, Michael Guglielmo, who swore that the statements made herein are true of the best of his knowledge information and belief.

_____
Notary Public/Justice of the Peace
My Commission Expires: 4/21/2026

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of this document was sent this 25 day of April 2023 to the following parties:

the Chapter 13 Trustee       (By ECF)

Office of the US Trustee      (by ECF)

Kathleen E. McKenzie, Esq.
81 South State Street
Concord, NH 03301

4/25/23
Date

_____
Michael Guglielmo